# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **GEARY HICKS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 2:18-cv-00424 |
| § | |
| **GUARDIAN LIFE INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Geary Hicks ("Plaintiff") files this Original Complaint against Defendant Guardian Life Insurance Company ("Guardian" and/or "Defendant").

## I.
## Parties

1. Plaintiff is an individual and Texas resident who at all relevant times was employed by Choctaw Nation of Oklahoma ("Choctaw Nation"), which provided long term disability ("LTD") and Extended Basic Life insurance with waiver of premium ("LWOP") benefits funded by a policy of group life and disability insurance issued by Guardian to Choctaw Nation.

2. Defendant Guardian is an insurance company licensed to do business in Texas and issued a group LTD insurance policy to Choctaw Nation ("the Policy"). Guardian can be served through its agent for service: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.
## Jurisdiction and Venue

3. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), because the Defendant can be found in this District.

## III.
## Factual Background

6. At all pertinent times, Choctaw Nation maintained an employee benefit plan (the "Plan"), which provided LTD and LWOP benefits coverage for employees of Choctaw Nation.

7. The Plan is subject to ERISA.

8. LTD and LWOP benefits payable under the Plan were funded by a group insurance policy issued by Defendant (the "Policy"). The Policy was issued in Texas. The Policy is governed by the laws of Texas.

9. Plaintiff is informed and believes that the effective date of the Policy was on or after January 1, 2012.

10. The annual effective date of the Policy is January 1.

11. Plaintiff is informed and believes that the Policy was delivered, issued for delivery, or renewed on or after January 1, 2012.

12. At all pertinent times, Plaintiff was an employee of Choctaw Nation and was a Plan participant, within the meaning of 29 U.S.C. § 1002(7).

13. Plaintiff suffers from a medical condition that does not and will not permit Plaintiff to perform the material duties of his regular occupation, as defined in the Policy.

14. Defendant initially approved and paid LTD and LWOP benefits to Plaintiff through April 4, 2015.  Benefits on Plaintiff's claim were administratively issued through August 3, 2015, while Defendant reviewed the information on file. During this time, Plaintiff's monthly net benefit was applied towards recovering an overpayment on his claim which had occurred as a result of a retroactive award of Social Security Disability Income benefits.

15. Ultimately, Guardian denied the Benefits beyond April 3, 2015.

16. Plaintiff timely appealed Defendant's denial of Plaintiff's LTD and LWOP benefits.

17. Defendant upheld its decision to deny Plaintiff's LTD and LWOP benefits on May 25, 2018.

18. Plaintiff exhausted all required administrative levels of appeal.  Plaintiff complied with all requirements of the Plan's administrative procedure.

19. Defendants breached the Plan and violated ERISA in the following respects:

(a) By failing to pay LTD and LWOP benefit payments at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Defendant failed and refused to approve Plaintiff's benefits;

(b) By failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan's documents, in relation to the applicable facts and the Plan's provisions, for the effective denial of Plaintiff's claims for benefits;

(c) After Plaintiff's claim was denied, Defendants failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claims along with an explanation of why such material is or was necessary;

(d) Defendant concealed and withheld from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

(e) By failing to properly and timely investigate the merits of Plaintiff's claims, render a decision thereon and failed to provide a full and fair review of Plaintiff's claims.

20. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under the Policy by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

21. Plaintiff was and is disabled based on the definition of disability in the Policy.

22. Defendant operated under a conflict of interest because it is both the determiner of claims and the payer of claims.

23. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial. Plaintiff has been additionally damaged in that his life insurance has been terminated.

24. As a further direct and proximate result of this improper determination regarding Plaintiff's claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

25. The wrongful conduct of Defendant has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the Policy and to clarify his right to future benefits under the Policy.

## IV.
## Request for Relief – Count One
### (Claim for Benefits Under the Policy)

26. Plaintiff is entitled to LTD and LWOP benefits under the Policy because Plaintiff met the definition of disability contained in the Policy.

27. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Policy's requirements.

28. The standard of review is *de novo* because Defendant is not granted discretion, and/or such discretion is voided by Texas Law. Plaintiff has proven by a preponderance of the evidence that Plaintiff is entitled to LTD and LWOP benefits under the Policy. Defendant's decision to deny Plaintiff's LTD and LWOP benefits was contrary to the preponderance of evidence in the record.

29. In the alternative, Defendant's decision to deny Plaintiff's LTD and LWOP benefits was arbitrary and capricious.

30. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from Defendant benefits that have not been paid to Plaintiff.

## V.
## Request for Relief – Count Two
### (In the alternative, Request for Remand)

31. In the purported denial letter, Defendant failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeal, and the reason such material or information was necessary.

32. Defendant used unqualified and/or biased record reviewers.

33. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff LTD and LWOP benefits which have not been paid or, in the alternative, remand this claim to Defendant so that Defendant can identify the material necessary to perfect Plaintiff's claims and the reason why such information is necessary, and can review Plaintiff's claim using qualified/unbiased record reviewers.

## VI.
## Request for Relief – Count Three
### (Attorneys' Fees Pursuant to 29 U.S.C. § 1132(g)(1))

34. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorneys' fees in connection with the prosecution of this action.

## PRAYER

FOR THESE REASONS, Plaintiff requests that the Court order:

35. Defendant to pay Plaintiff the full LTD and LWOP benefits incurred and unpaid at the time of judgment;

36. Defendant to reinstate Plaintiff on the Policy for future payments in accordance with the terms and conditions of the Policy;

37. In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the Policy as discussed herein;

38. Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff;

39. Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

40. That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

**Dated: October 3, 2018**

Respectfully submitted,

 /s/  *John L. Thompson*
John L. Thompson, Attorney in Charge
State Bar No. 90001820
jlt@erisaltd.com

Bernard A. Guerrini
State Bar No. 08581700
guerrinipc@erisaltd.com

GUERRINI & THOMPSON, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel:  (214) 692-6556
Fax:  (214) 692-6578

**ATTORNEYS FOR PLAINTIFF**